

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

JUL 2 2 2022

MITCHELL R. ELFERS
CLERK

DAVID WARNER
    PLAINTIFF/PETITIONER,

        Vs.                    Case No.   22cv544-SMV

MAGISTRATE COURT JUDGE KATIE
G. LUND, MAGISTRATE COURT CLERK
LISA ABEYTA, AND NEW MEXICO STATE
POLICE OFFICER ANDRE BILLINGSLEY,
        DEFENDANT'S/RESPONDANTS.

**COMPLAINT FOR UNITED STATES CONSTITUTIONAL**
**VIOLATIONS, NEW MEXICO CONSTITUTIONAL**
**VIOLATIONS,TORTIOUS ACTS, DECLARATORY AND INJUNCTIVE**
**RELIEF, CIVIL RIGHTS VIOLATIONS AND DAMAGES**

COMES NOW, David Warner, Petitioner, with his "Complaint For United States

Constitutional Violations, New Mexico Constitutional Violations, Tortious Acts,

Declaratory Relief and Injunctive Relief, Civil Rights Violations and Damages",

while acting under color of law:

1. Defendants Lincoln County Magistrate Judge Katie G. Lund, Magistrate

Court Clerk Lisa Abeyta, NMSP Billingsley while acting in concert and under

color of law did cause plaintiff to be damaged, and the actions were done ex parte

without plaintiff's knowledge;

See; Mireles, 502 U.S. at 11-12.
"Despite its name, absolute judicial immunity is not absolute; it does not extend to

1

(1) "non-judicial actions" or (2) actions "taken in the complete absence of jurisdiction."".

*Rankin v. Howard*, (1980) 633 F.2d 844, cert den. Zeller v. Rankin, 101 S. Ct. 2020, 451 U.S. 939, 68 L. Ed 2d 326,  When a judge knows that he lacks jurisdiction, **or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost**.

2. Defendant Magistrate Judge Katie G. Lund did commit willful misconduct in office by ex parte communication, and personally investigating and obtaining evidence against plaintiff by and through the New Mexico Motor Vehicle Department, using a "Traffic Citation" in leu of an affidavit with a "Criminal Complaint", without jurisdiction or any legal authority, acting willfully and in bad faith.

3. Plaintiff never signed the "Traffic Citation" given to him during traffic stop.

See; NMSA 1978 § 66-8-122. Immediate appearance before magistrate. F. person refuses to give his written promise to appear in court or acknowledge receipt of a warning notice;

And; NMSA 1978 § 66-8-123. Conduct of arresting officer; notices by citation.

4. Defendant New Mexico State Police Officer Andre Billingsley while under color of law, did act willfully, and in bad faith violated his duty pursuant to New Mexico statutes, United States Constitutional  violations, New Mexico Constitutional violations, unconstitutional implementing, and execution of their policy, custom, ordinance, regulation, failure to train, willful misconduct, and decisions officially

2

adopted by those body's officers;

See; Chapter 66 Motor Vehicles, Article 8 Crimes, Penalties and Procedures, Part 2 Traffic Offenses, NMSA 1978 Sec. 66-8-123 Conduct of Arresting Officer; notices by citation. (2013)

5. Defendants Lund, Billingsley and Abeyta's deliberate indifference, unlawful arrest, United States Constitutional violations, New Mexico Constitutional violations, unconstitutional implementing, and execution of their policy, custom, ordinance, regulation, failure to train, willful misconduct, and decisions officially adopted by those body's officers as well as conspiracy and collusion did cause plaintiff to be damaged.

See; *McLain v. Sheriff of Mayes Cty.*, 595 F. App'x. 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cty. Bd. Of Cty., Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 694 (1978).;

6. Defendants Magistrate Judge Katie G. Lund, Magistrate Court clerk Lisa Abeyta, NMSP Officer Andre Billingsley, in their personal, individual, official, and Supervisory capacity, (herein and after to be known as Defendants et al), while acting under color of law, and on numerous occasions ex parte communications did cause plaintiff to be damaged.

## JURISDICTION AND VENUE

7. Plaintiff is a citizen of the United States and a resident of the state of New Mexico.

8. This is a Civil Rights Action for Declaratory, Injunctive Relief and money damages pursuant to Title 42 U.S.C. § 1983, §1985, and 1986 to redress violations under color of law, rights guaranteed to plaintiff by the Constitution of the United States Amendments I, IV, V, VIII, IX, X, and XIV, and the Constitution of the State of New Mexico Article II Bill of Rights Sec. 1., Sec. 4., Sec. 10, Sec. 13., Sec. 17., Sec. 18., and Sec. 23., as well a New Mexico Torts violation.

9. To the best of plaintiff's knowledge Defendants et al., are residents and citizens of the State of New Mexico residing within the boundaries of the Federal 10th Judicial District of New Mexico of the United States District Court.

10. This cause arises under Title 42 U.S.C. Section 1983 and 1985, as well as New Mexico Torts violations, conspiracy, and collusion wherein this Court has jurisdiction over the instant matter pursuant to 28 U.S.C. Sec.1343, 1332, and 1331, as well New Mexico Torts violation(s).

11. The acts described herein were initiated on or about May 8, 2018, yet plaintiff was not injured, nor aware of being injured until July 26, 2019, when he was arrested.

12. Defendants et al were acting under color of law and reside in the state of New Mexico and therefor subject to this Court's jurisdiction.

13. This case involves a significant question of constitutional law and issues of

4

substantial public interest.

14. Defendants et al., acting under color of law did on July 26, 2019, caused plaintiff to be arrested and imprisoned for three (3) days, and made to post bail, by way of a fraudulent warrant issued by Magistrate Judge Katie G. Lund, causing plaintiff to be damaged.

**FACTS**

15. Plaintiff re alleges and restates above paragraphs 1-14. All facts can be proven by Magistrate Court Record, evidence in plaintiff's possession, and testimony.

16. On May 8, 2018, while plaintiff was traveling west bound on Highway 70 mile post 297, plaintiff was stopped by NMSP Officer Billingsley who issued a Traffic Citation. Plaintiff did not sign the Traffic Citation and was not arrested or detained by the Officer. This has also occurred in other counties of the state by NMSP Officers and appears to be a policy, custom or rule. The Court had no jurisdiction, and the action was not done maliciously, corruptly, nor was the action flawed by any procedural error.

See: State of New Mexico v. David Warner, M-32-TR-2018-00394.

And See: NMSA 1978 § 66-8-123 (E) & NMSA 1978 § 66-8-122 (F).

17. Officer Andre Billingsley had a Duty pursuant to NMSA 1978 § 66-8-123. (E). and NMSA 1978 § 66-8-122. (F)., and never had a right to bring the action to

Court without plaintiff's signature in the first place.

18. The Traffic Citation issued to plaintiff stated that plaintiff was to appear before the Magistrate Judge in Ruidoso on or before July 5, 2018, at 2:00 p.m., yet prior to that date a Criminal Summons with the Traffic Citation attached was filed with the Magistrate Court, "Arraignment" was held on May 29, 2018, plaintiff was not aware of this and did not appear. It is plaintiff's understanding that a criminal complaint/summons has to be done pursuant to NMRA 1978 § 6-201; This was not done, and only the unsigned "Traffic Citation" was attached to the "Criminal Summons/ Complaint".

See: NMRA 1978§ 6-201. (A). (1)

See: NMRA 1978 6-201 ***"**the magistrate court shall not accept for filing any unsigned complaint or citation. In the event that an unsigned complaint or citation commences an action, the case shall be dismissed without prejudice**."***.

19. On May 11, 2018, a "Criminal Summons" with the "Traffic Citation" attached was filed ordering plaintiff to appear in Magistrate Court on Tuesday May 29, 2018, at 2:00 p.m., plaintiff only became aware of the "Criminal Summons" after obtaining a copy after the Bench Warrant arraignment. It is plaintiff's understanding that statutes are to be strictly construed so not to be erroneous, and when a judge knows that she lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving her of jurisdiction, judicial immunity is lost, and when

the Court has no jurisdiction of the cause, the whole proceeding is before a person

who is not a judge, and actions will lie against them without any regard of the

precept or process and judicial capacity. Furthermore, Defendant Lund personally

investigated plaintiff's driving record at the Department of Motor Vehicle in

Ruidoso having ex parte communication with someone in that Department/office,

this is a fact she stated to plaintiff.

See: NMRA 1978 §1-011. (B), (2), (3).

And see: Rankin v. Howard, (1980) 633 F.2d 844, cert den. Zeller v. Rankin, 101
S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326.

21. On May 30, 2018, a "Bench Warrant" for plaintiff's arrest was issued, plaintiff

only became aware of the "Bench Warrant" after obtaining a copy of the Court

Record" on August 13, 2019. Subsequentially two (2) additional "Bench Warrants"

were issued for plaintiff's arrest, one on August 16, 2018, and one on March 11,

2019. Up to this date plaintiff was only aware, pursuant to the unsigned traffic

citation, that he was to appear in the Magistrate Court on or before July 5, 2018, at

2:00 p.m..

22. To the best of plaintiff's knowledge plaintiff did not receive any "Notices" or

other documents from the Court prior to plaintiff's arrest. New Mexico is a

"Notice" and "Opportunity" state.

23. On July 26, 2019, plaintiff was arrested pursuant to a "Warrant" issued by

Defendant Lund.

24. Plaintiff remained incarcerated for three days until he was able to acquire the money to "Post Bail" on July 29, 2019.

25. On July 30, 2019, plaintiff made a "Special Appearance Objecting to Court's Jurisdiction" in Lincoln County Magistrate Court, Ruidoso for "Hearing on "Bench Warrant Arraignment".

26. On August 12, 2019, Defendant NMSP Officer Billingsley filed an ex parte "Notice of Dismissal" Dismissing Case No. M-32-TR-2018-00394, and only has his signature as "Complainant", the "Certificate of Service" only his plaintiff's name and address and is not signed. Plaintiff only received this document with records request.

27. On August 13, 2019, after "Bench Warrant Arraignment" Hearing in Magistrate Court the Magistrate Court filed "Order for Payment of Bench Warrant Fee" (herein fee) with a "Payment Plan Summary" attached, stating that payment of $50.00 a month for two (2) months. Plaintiff never agreed to any form of payment as to the fee and the "Payment Plan Summary" is clearly unsigned by plaintiff.

28. On September 17, 2019, "Failure to Pay" Hearing was held.

29. On October 2, 2019, plaintiff timely filed his "Appeal" as to Magistrate Judge Katie G. Lund's "Final Order", this is in regard to the Order for payment of "Bench

8

Warrant Fee".

30. On December 3, 2019, State filed "State's Motion to Dismiss", the motion was denied by District Judge Reynolds.

31. On April 30. 2020, "Final Order" was filed by District Judge Reynolds setting aside the "Bench Warrant Fee" and remanded back to Lincoln County Magistrate Court in Ruidoso.

32. On May 5, 2020, the action against plaintiff was "Dismissed", yet plaintiff was not given "Notice" of this nor if the last "Warrant" that was issued by Defendant Lund has been dismissed.

33. As a result of Defendants et al's unfair process and unfair actions plaintiff has been damaged.

## FIRST CAUSE OF ACTION

34. Plaintiff re alleges and restates above paragraphs 1-33.

35. Defendant NMSP Officer Andre Billingsley (herein Defendant Billingsley) did use an unsigned "Traffic Citation" to falsify a Criminal Summons/Complaint by attaching the unsigned traffic citation in leu of a sworn affidavit.

36. Defendant Billingsley's primary motive was to facilitate the appearance of plaintiff before a magistrate or the arrest of plaintiff or both.

37. As a result of Defendant Billingsley's actions plaintiff was arrested, imprisoned

In the Chaves County Detention Center for three (3) days, and made to post bail in order to be released.

## SECOND CAUSE OF ACTION

38. Plaintiff re alleges and restates above paragraphs 1-37.

39. Defendant Magistrate Judge Katie G. Lund (herein Defendant Lund) use of an unsigned "Traffic Citation" and falsified "Criminal Summons", was "arbitrary and capricious".

40. Defendant Lund then filed a "Bench Warrant" in order to facilitate plaintiff's presence before the Court by way of arrest.

41. The arrest of plaintiff by way of a "Bench Warrant" was improper "arbitrary and capricious", allowing Defendant Lund to pursue the illegitimate means of jurisdiction for obtaining a "Bench Warrant Fee".

42. The actions taken by Defendant Lund were not a judicial function, and the case should not have even be considered due to the traffic citation not being signed by plaintiff, and the actions were directly and immediately out of a confrontation with Defendant Lund in her official capacity.

43. As a result of Defendant Lund's actions, plaintiff has been damaged.

## THIRD CAUSE OF ACTION

44. Plaintiff re alleges and restates above paragraphs 1-43.

45. Plaintiff was never given any "Notice" by the Court in regard to any "Criminal Summons/Complaint" for arraignment or any Hearing denying plaintiff's right to be heard and access to the court.

46. Defendants Katie G. Lund and Lisa Abeyta (herein Defendants Lund and Abeyta), did fail to provide plaintiff with "Notice and Opportunity" in order for plaintiff to properly defend himself.

47. The unsigned Traffic Citation issued to plaintiff had no legal efficacy and could not be used in conjunction with a Criminal Summons/Complaint in leu of an affidavit, a fatal flaw in a judicial process as well as denying the court jurisdiction.

48. The actions taken by Defendants Lund and Abeyta caused plaintiff to be damaged.

## FOURTH CAUSE OF ACTION

49. Plaintiff re alleges and restates above paragraphs 1-48.

50. Due to the Traffic Citation being unsigned, Defendant's Lund and Billingsley had no right to bring the action in the first place.

51. Because plaintiff never received "Notice" of any "Criminal Summons/Complaint", any decision leading to plaintiff's arrest was unfair.

11

52. Defendant's et al's actions, denied plaintiff's right to confront any witnesses,

right to be heard, right to counsel, and opportunity to appeal any written decisions

of the Court with the exception of the "Order for Payment of Warrant Fee".

53. As a direct result of Defendant's et al's actions, plaintiff was damaged.


## FIFTH CAUSE OF ACTION

54. Plaintiff re alleges and restates above paragraphs 1-53.

55. Defendants Lund, Abeyta, and Billingsley while under color of law

acted in concert in order to facilitate a criminal action against plaintiff to effect a

legal purpose with a corrupt intent and improper means.

56. Defendants Lund, Abeyta, and Billingsley's concerted actions although from a

layman's view may be innocent did become unlawful by the use of an unsigned

"Traffic Citation attached to a "Criminal Summons" to charge plaintiff with a

traffic offense and to bring plaintiff before Defendant Lund a Magistrate Judge in

Ruidoso, Lincoln County, New Mexico, then to file a "Bench Warrant, to facilitate

plaintiff's arrest and imprisonment which was accomplished.

57. Defendants Lund, Abeyta, and Billingsley's actions caused plaintiff to be

arrested and incarcerated for three (3) days until plaintiff was able to post bail

causing plaintiff to be damaged.

## SIXTH CAUSE OF ACTION

58. Plaintiff re alleges and restates above paragraphs 1-57

59. The arrest and jailing of plaintiff by the Chaves County Sheriff's Deputies may have been lawful, it was done by unlawful means, that being a "Bench Warrant" for failure to appear when plaintiff was not given any "Notice" nor was plaintiff obligated to appear having never signed the traffic citation giving his promise to appear.

60. The arrest of plaintiff was made pursuant to fraudulent documents making the arrest of plaintiff under false pretense due to the fraudulent documents being used by Defendant's Lund and Billingsley.

61. The actions by Defendant's et al caused plaintiff to be falsely arrested and imprisoned causing plaintiff to be damaged this was done on July 26,2019.

## SEVENTH CAUSE OF ACTION

62. Plaintiff re alleges and restates above paragraphs 1-62.

63. Defendant's et al did agree to defraud plaintiff of his Rights by the forms of law, or to obtain plaintiff's unwilling presence in Court.

64. The Deception by Defendant's et al was used for the unlawful jurisdiction over plaintiff by way of an unsigned traffic citation attached to a Criminal Summons.

13

65. The use of a fraudulent Criminal Summons with an unsigned traffic citation, and failing to provide plaintiff with "Notice" allowed Defendant Lund to file a "Bench Warrant" facilitating plaintiff's arrest and imprisonment.

66. As a result of Defendant's et al's actions plaintiff has been damaged.

## EIGHTH CAUSE OF ACTION

67. Plaintiff re alleges and restates above paragraphs 1-66.

68. Defendant Billingsley a New Mexico State Police Officer did, pursuant to policy or custom violate plaintiff's Rights by failing to follow New Mexico Statutes, specifically NMSA 1978 § 66-8-122 F., and 66-8-123., directly initiating the arrest and imprisonment of plaintiff by the use of an unsigned traffic citation.

69. The policy, or custom of filing a Criminal summons or Complaint in leu of a signature on a traffic citation was enforced by Defendant Billingsley has occurred in other counties of New Mexico by other NMSP Officers with other individuals.

70. Filing a Criminal Summons or complaint in leu of producing a signed traffic citation in order to effectuate a person's appearance in a court was the policy or custom enforced by Defendant Billingsley which caused plaintiff to be arrested and jailed and made to pay a bond for release from jail as well as an action in Magistrate Court. These actions have been duplicated by other NMSP Officers

14

and clearly shows a policy or custom.

71. Defendant Billingsley actions have caused plaintiff to be damaged.

WHEREFORE, based on the foregoing, Plaintiff Prays this Court finds that

plaintiff was denied his Right to fairness in the criminal process, Procedural Due

Process, Due Process, and policy or customs of NMSP Officer Billingsley, request

trial by jury on all issues triable by jury; request compensation in the amount of

One million five hundred thousand dollars ($1,500,000) to fully compensate

Plaintiff for his damages including but not limited to damages of rights guaranteed

by the United States Constitution, and New Mexico constitution, punitive

damages; request an order/ruling from this Honorable Court for injunction and

declaratory relief against Defendant Magistrate Judge Katie G. Lung and the

Lincoln County Magistrate Court in regard to Bench Warrant Fee Plea of Guilty

and other Defendants as necessary in order that the Rights of others similarly

situated are not violated and NMSP Officers are professionally trained, request cost

and fees, and punitive damages, and plaintiff reserves the right to amend complaint

as provided by the rules and authority and any other or further relief deemed

necessary and just.

Respectfully Submitted by; _____

David Warner-plaintiff
4703 West Deming St.
Roswell, N.M 88203
Message Ph# (575) 914-0147
Email formyjitos@gmail.com

PRESS FIRMLY TO SEAL

  

PRESS FIR...

U.S. POSTAGE PAID
PME 2-DAY
ROSWELL, NM
88201
JUL 20, 22
AMOUNT
**$30.20**
R2305K139239-04

1007    87102

# PRIORITY
# MAIL
# EXPRESS®

## FLAT RATE
## ENVELOPE

ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

■ **UNITED STATES**
**POSTAL SERVICE** ®

| PRIORITY |
| MAIL |
| EXPRESS® |

UNITED STATES
ALBUQUERQUE, NEW...

EI 369 331 344 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE ( 575 ) 914-0242
David Warner
4703 W. Deming St.
Roswell, N.M.
88203

RECEIVED

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW

JUL 2 2 2022

MITCHELL R. ELFERS

**DELIVERY OPTIONS (Customer Use Only)**

☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)*
   *Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( )
United States District Court
District of New Mexico
Office of the Clerk
333 Lomas Blvd. N.W.
Albuquerque, N.M.
87102
ZIP + 4® (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

 **PEEL FROM THIS CORNER**

**PAYMENT BY ACCOUNT** (if applicable)
USPS® Corporate Acct. No.    Federal Agency Acct. No. or Postal Service™ Acct. No.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | ☐ Military | ☐ DPO |
| 88201 | 7-22- | | |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Time | Postage |
| 7-20 | ☐ 6:00 PM | $ 26.95 |
| Time Accepted | ☐ AM ☒ PM | Insurance Fee | COD Fee |
| 2:57 | | $ | $ |
| Special Handling/Fragile | Sunday/Holiday Premium Fee | Return Receipt Fee | Live Animal Transportation Fee |
| $ | $ | $ 3.25 | |
| Weight | ☐ Flat Rate | Acceptance Employee Initials | Total Postage & Fees |
| 5 oz. | DA | $ 30.20 |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
| | ☐ AM ☐ PM | |
| Delivery Attempt (MM/DD/YY) | Time | Employee Signature |
| | ☐ AM ☐ PM | |

LABEL 11-B, MAY 2021    PSN 7690-02-000-9996

  

UNITED STATES
POSTAL SERVICE®

PS10001000006    □3F May 2020
                 OD: 12 1/2 x 9 1/2

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express® shipments. Misuse may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; May 2020; All rights reserved.