# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DAVID WARNER,

      Plaintiff,

v.                              No. 2:22-cv-00544-KRS

KATIE G. LUND,
LISA ABEYTA, and
ANDRE BILLINGSLEY,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND
## ORDER FOR AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for United States

Constitutional Violations, New Mexico Constitutional Violations, Tortious Acts, Declaratory and

Injunctive Relief, Civil Rights Violations and Damages, Doc. 1, filed July 22, 2022 ("Complaint"),

and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2,

filed July 22, 2022.

## Application to Proceed *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court

may authorize the commencement of any suit without prepayment of fees by a person who submits

an affidavit that includes a statement of all assets the person possesses and that the person is unable

to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis,
> it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,
> if the court finds that the allegations of poverty are untrue or that the action is
> frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months was $350.00; (ii) Plaintiff's monthly expenses total $550.00; and (iii) Plaintiff has no cash and no funds in bank accounts  The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of these proceedings and because his monthly expenses exceed his low monthly income.

**The Factual Allegations in the Complaint**

This matter arises out of a traffic citation and subsequent bench warrants for Plaintiff's arrest. Defendants are: (i) New Mexico State Police Officer Billingsley, who issued the traffic citation; (ii) Magistrate Judge Lund, who issued the bench warrants; and (iii) Magistrate Court Clerk Abeyta.

Plaintiff alleges that on May 8, 2018, Defendant Billingsley issued Plaintiff a citation. "Plaintiff did not sign the citation and was not arrested or detained by the Officer." Complaint at 5, ¶ 16. "On May 11, 2018, a 'Criminal Summons' with the 'Traffic Citation' attached was filed ordering plaintiff to appear in Magistrate Court on Tuesday May 19, 2018, at 2:00 p.m."

Complaint at 6, ¶ 19.  "On May 30, 2018, a 'Bench Warrant' for plaintiff's arrest was issued, plaintiff only became aware of the 'Bench Warrant' after obtaining a copy of the Court Record on August 13, 2019.  Subsequentially two (2) additional 'Bench Warrants' were issued for plaintiff's arrest, one on August 16, 2018, and one on March 11, 2019."  Complaint at 7, ¶ 21.  "On July 26, 2019, plaintiff was arrested pursuant to a 'Warrant' issued by Defendant Lund" and "remained incarcerated for three days."  Complaint at 7-8, ¶¶ 23-24.

On August 12, 2019, Defendant Billingsley filed a notice dismissing the case.  "On August 13, 2019, after 'Bench Warrant Arraignment' Hearing in Magistrate Court the Magistrate Court filed 'Order for Payment of Bench Warrant Fee' ... with a 'Payment Plan Summary ... Plaintiff never agreed to any form of payment as to the fee and the 'Payment Plan Summary' is clearly unsigned by plaintiff."  Complaint at 8, ¶ 27.   "On September 17, 2019, 'Failure to Pay' Hearing was held.  Complaint at 8, ¶ 28.  "On October 2, 2019, plaintiff timely filed his 'Appeal' as to Magistrate Judge Katie G. Lund's 'Final Order', this is in regard to the Order for payment of 'Bench Warrant Fee.'"  Complaint at 8-9, ¶ 29.   "On April 30, 2020, 'Final Order' was filed by District Judge Reynolds setting aside the 'Bench Warrant Fee' and remanded back to Lincoln County Magistrate Court in Ruidoso."  Complaint at 9, ¶ 31.  "On May 5, 2020, the action against plaintiff was 'Dismissed.'"  Complaint at 9, ¶ 32.

**The Causes of Action in the Complaint**

Plaintiff's First Cause of Action alleges that "Defendant NMSP Officer Andre Billingsley ... did use an unsigned 'Traffic Citation' to falsify a Criminal Summons/Complaint by attaching the unsigned traffic citation in leu [sic] of a sworn affidavit."  Complaint at 9, ¶ 35.

Plaintiff's Second Cause of Action alleges that "Defendant Magistrate Judge Katie G. Lund['s] ... use of an unsigned 'Traffic Citation' and falsified 'Criminal Summons', was 'arbitrary and capricious'."  Complaint at 10, ¶ 39.

Plaintiff's Third Cause of Action alleges that "Plaintiff was never given any 'Notice' by the Court in regard to any 'Criminal Summons/Complaint' for arraignment or any Hearing denying plaintiff's right to be heard and access to the Court."  Complaint at 11, ¶ 49.

Plaintiff's Fourth Cause of Action alleges that Defendants' actions "denied plaintiff's right to confront any witnesses, right to be heard, right to counsel, and opportunity to appeal any written decisions of the Court with the exception of the 'Order for Payment of Warrant Fee'."  Complaint at 12, ¶ 52.

Plaintiff's Fifth Cause of Action alleges that the three Defendants "while under color of law acted in concert in order to facilitate a criminal action against plaintiff to effect a legal purpose with a corrupt intent and improper means."  Complaint at 12, ¶ 55.

Plaintiff's Sixth Cause of Action alleges that the "arrest of plaintiff was made pursuant to fraudulent documents making the arrest of plaintiff under false pretense due to the fraudulent documents being used by Defendant[]s Lund and Billingsley."  Complaint at 13, ¶ 60.

Plaintiff's Seventh Cause of Action alleges that "Defendant's et al [sic] did agree to defraud plaintiff of his Rights by the forms of law, or to obtain plaintiff's unwilling presence in Court" and the "deception by Defendant's et al [sic] was used for the unlawful jurisdiction over plaintiff by way of an unsigned traffic citation attached to a criminal summons."  Complaint at 13, ¶¶ 63-64.

Plaintiff's Eighth Cause of Action alleges that the "Defendant Billingsley a New Mexico State Police Officer did, pursuant to policy or custom violate plaintiff's Rights by failing to follow New Mexico Statutes, specifically NMSA 1978 § 66-8-122 F., and 66-8-123., directly initiating

4

the arrest and imprisonment of plaintiff by the use of an unsigned traffic citation."  Complaint at 14, ¶ 68.

**Failure to State a Claim**

The Complaint fails in large part to state claims for deprivations of rights secured by the United States Constitution.  Plaintiff asserts he is seeking injunctive relief and money damages "to redress violations [of] rights guaranteed to plaintiff by the Constitution of the United States Amendments I,[1] IV,[2] V,[3] VIII,[4] IX,[5] X,[6] and XIV.[7]" Complaint at 4, ¶ 8.  The Complaint does not

---

[1] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST. amend. I.

[2]
> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

[3]
> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. CONST. amend. V.

[4] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

[5] "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. amend. IX.

[6] "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. CONST. amend. X.

[7]
> **Section 1.** All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges

clearly describe which rights each Defendant allegedly violated and the basis for each alleged

violation.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492

F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain

what each defendant did to him or her; when the defendant did it; how the defendant's action

---

or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

**Section 2.** Representatives shall be apportioned among the several States according to their respective numbers, counting the whole number of persons in each State, excluding Indians not taxed. But when the right to vote at any election for the choice of electors for President and Vice President of the United States, Representatives in Congress, the Executive and Judicial officers of a State, or the members of the Legislature thereof, is denied to any of the male inhabitants of such State, being twenty-one years of age, and citizens of the United States, or in any way abridged, except for participation in rebellion, or other crime, the basis of representation therein shall be reduced in the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty-one years of age in such State.

**Section 3.** No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

**Section 4.** The validity of the public debt of the United States, authorized by law, including debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion, shall not be questioned. But neither the United States nor any State shall assume or pay any debt or obligation incurred in aid of insurrection or rebellion against the United States, or any claim for the loss or emancipation of any slave; but all such debts, obligations and claims shall be held illegal and void.

**Section 5.** The Congress shall have power to enforce, by appropriate legislation, the provisions of this article."

U.S. CONST. amend. XIV.

harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").
For example, there are no factual allegations regarding the alleged violations of Plaintiff's First
Amendment rights regarding religion, speech and assembly or his Eighth Amendment rights
regarding excessive bail and fines.  A complaint must "give the defendant fair notice of what the .
. . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,
555 (2007).

Plaintiff seeks monetary damages in the amount of $1,500,000.00.  *See* Complaint at 15.
Defendants Lund and Abeyta, as judge and court clerk, are immune from monetary damages.  *See*
*Sawyer v. Gorman*, 317 Fed.Appx. 725, 727, 728 (10th Cir. 2008) ("[S]tate court judges are
absolutely immune from monetary damages claims for actions taken in their judicial capacity,
unless the actions are taken in the complete absence of all jurisdiction.") (*quoting Mireles v. Waco*,
502 U.S. 9, 11-12 (1991)) ("Absolute judicial immunity has thus been extended to non-judicial
officers, like clerks of court, where their duties had an integral relationship with the judicial
process.").  Plaintiff makes conclusory allegations that the "Court had no jurisdiction" but does not
provide any factual allegations supporting the alleged lack of jurisdiction. Complaint at 5, ¶ 16.

Plaintiff alleges he "was denied his Right to ... Procedural Due Process."  Complaint at 15.
"The essence of procedural due process is the provision to the affected party of *some* kind of notice
and ... *some* kind of hearing."  *Onyx Properties LL v. B. of County Comm'rs of Elbert County*, 838
F.3d 1039, 1043 (10th Cir. 2016).  The allegations in the Complaint indicate Plaintiff had an
opportunity to be heard in magistrate court and again later on appeal to the state district court.
There are no allegations indicating the process Plaintiff was due and that he was not afforded that
process.

Plaintiff seeks an "injunction and declaratory relief against Defendant Magistrate Judge Katie G. Lun[d] and the Lincoln County Magistrate Court in regard to Bench Warrant Fee Plea of Guilty and other Defendants as necessary in order that the Rights of others similarly situated are not violated."  Complaint at 15.  Plaintiff cannot bring claims on behalf of "others similarly situated."  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others."). Furthermore, the Complaint does not describe in reasonable detail the act or acts Plaintiff seeks to restrain or require.  *See* Fed. R. Civ. P. 65(d)(1).

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim and for lack of jurisdiction, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.  The Court grants Plaintiff leave to file an amended complaint.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service of Summons and Complaint on Defendants at this time because the Complaint fails

to state a claim over which the Court has jurisdiction.  The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides each Defendant's address.

**IT IS ORDERED** that:

(i)      Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed July 22, 2022, is **GRANTED.**

(ii)     Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.


_____
**UNITED STATES MAGISTRATE JUDGE**