

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

DAVID WARNER
     PLAINTIFF/PETITIONER,

       Vs.                         Case No. 22cv544-SMV

MAGISTRATE COURT JUDGE KATIE
G. LUND, MAGISTRATE COURT CLERK
LISA ABEYTA, AND NEW MEXICO STATE
POLICE OFFICER ANDRE BILLINGSLEY,
NEW MEXICO STATE POLICE DEPARTMENT
AS NEW MEXICO TAXATION AND REVENUE
DEPARTMENT.
         DEFENDANT'S/RESPONDANTS.


**AMENDED
COMPLAINT FOR UNITED STATES CONSTITUTIONAL
VIOLATIONS, NEW MEXICO CONSTITUTIONAL
VIOLATIONS,TORTIOUS ACTS, MALICIOUS ABUSE OF PROCESS,
DECLARATORY AND INJUNCTIVE RELIEF, CIVIL RIGHTS
VIOLATIONS, FAILURE TO TRAIN AND SUPERVISE, FRAUD,
CONSPIRACY, AND DAMAGES**

COMES NOW, David Warner, Petitioner, with his "Amended Complaint for

United States Constitutional Violations, New Mexico Constitutional Violations,

Tortious Acts, Malicious Abuse of Process, Declaratory and Injunctive Relief, Civil

1

Rights Violations, Failure to Train and Supervise, Fraud, Conspiracy, and

Damages":

1. Defendant Katie G. Lund, Magistrate Judge (herein judge), Lisa Abeyta,

Magistrate Court Clerk (herein clerk), New Mexico State Police Officer

Billingsley, and New Mexico State Police Department (herein NMSP)/ Taxation

and Revenue Department (herein Tax and Rev. Dept.), while acting in concert, in

their personal capacity, under color of law, without authority, failure to supervise

and train, did have a meeting of the minds and Defendant Lund physically leaving

the Court House, going to the New Mexico Department of Motor Vehicle (herein

DMV) next door and personally search plaintiff's record(s) at the DMV a police

operation, was in clear absence of jurisdiction and authority, and Defendant NMSP

Officer Billingsley misuse of process caused plaintiff to be damaged;

See; Mireles, 502 U.S. at 11-12.
"Despite its name, absolute judicial immunity is not absolute; it does not extend to
(1) "non-judicial actions" (i.e. Magistrate Judge Katie G. Lund going to the
Department of Motor Vehicles and investigating plaintiff's record), or (2) actions
"taken in the complete absence of jurisdiction."".

*Rankin v. Howard*, (1980) 633 F.2d 844, cert den. Zeller v. Rankin, 101 S. Ct.

2

2020, 451 U.S. 939, 68 L. Ed 2d 326, When a judge knows that he lacks jurisdiction, **or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost**.

2. Defendant Magistrate Judge Katie G. Lund did commit willful misconduct in office by ex parte communication, personally investigating and obtaining evidence through the DMV in her personal capacity, allowing the use of an unsigned (by plaintiff) "Traffic Citation" (#83984864 issued to plaintiff at traffic stop) in leu of an affidavit was attached to a "Criminal Complaint" and used to obtain control of plaintiff, to issue a "Bench Warrant" prior to the date of appearance on the "Traffic Citation" that was unsigned by plaintiff.

These acts were done willfully and in bad faith, and a Malicious Abuse of Process (herein MAP) in Defendant's personal and official capacity under color of law.

3. Plaintiff refused to sign and never signed the "Traffic Citation" issued to him during traffic stop by Defendant Billingsley, indicating that plaintiff clearly did not give his promise to appear.

See; NMSA 1978 § 66-8-122. Immediate appearance before magistrate. F. person refuses to give his written promise to appear in court or acknowledge receipt of a warning notice;

And; NMSA 1978 § 66-8-123. Conduct of arresting officer; notices by citation.

3

4. Defendant Billingsley, in his personal capacity and under color of law, did

willfully, and in bad faith violate his duty as a NMSP Officer pursuant to New

Mexico statutes, United States Constitution, New Mexico Constitution,

unconstitutional implementing, and execution of the New Mexico State Police

Department of Taxation and Revenue policy (ies), custom(s), ordinance(s),

regulation(s), failure to train, and decisions officially adopted by those body' s

officers and MAP;

See; Chapter 66 Motor Vehicles, Article 8 Crimes, Penalties and Procedures, Part 2
Traffic Offenses, NMSA 1978 Sec. 66-8-123 Conduct of Arresting Officer; notices
by citation. (2013)

And see; *McLain v. Sheriff of Mayes Cty.*, 595 F. App'x. 748, 753-754 (10th Cir.
2014) (citing *Myers v. Okla. Cty. Bd. Of Cty., Comm'rs*, 151 F.3d 1313, 1318 (10th
Cir. 1998); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 694 (1978)..

5. Defendants Lund, Billingsley and Abeyta, conspired against plaintiff by using an

unsigned (by plaintiff) "Traffic Citation" in leu of and affidavit, attached to a

"Criminal Summons" which was never received by plaintiff prior to any

proceedings, in order to obtain control of plaintiff, issuing a "Bench Warrant" prior

to the date of appearance on the "Traffic Citation", the prosecution, seizure and

imprisonment of plaintiff, and violations of the United States Constitution, New

Mexico Constitution, the unlawful implementing, and execution of policy, custom,

ordinance, regulation, failure to train, willful misconduct, MAP, procedural due

process violations, access to the court, and decisions officially adopted by those

body's officers as well as conspiracy, collusion, unlawful search and seizure caused

plaintiff to be damaged.

See; *McLain v. Sheriff of Mayes Cty.*, 595 F. App'x. 748, 753-754 (10th Cir. 2014)
(citing *Myers v. Okla. Cty. Bd. Of Cty., Comm'rs*, 151 F.3d 1313, 1318 (10th Cir.
1998); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 694 (1978).;

6. Defendants Lund, Abeyta, and Billingsley while acting in their personal,

individual, official, and supervisory capacity, (herein and after to be known as

Defendants et al), on numerous occasions did meet and have ex parte

communications in order to obtain control over plaintiff, caused plaintiff to be

damaged by the unlawful seizure/arrest and imprisonment in the Chavez County

Detention Center for three (3) days and posting of bail in order to be released.

## JURISDICTION AND VENUE

7. Plaintiff is a citizen of the United States and a resident of the state of New

Mexico.

8. This is a Civil Rights Action for Declaratory, Injunctive Relief and money damages pursuant to Title 42 U.S.C. § 1983 to redress violations under color of law, rights guaranteed to plaintiff by the Constitution of the United States Amendments I, IV, V, VIII, IX, X, and XIV, and the Constitution of the State of New Mexico Article II Bill of Rights Sec. 1., Sec. 4.,10, 13., 17., 18., and 23., as well a New Mexico Torts violation and MAP causing plaintiff to be damaged.

9. To the best of plaintiff's knowledge Defendants et al., are residents, citizens or corporations of the State of New Mexico residing within the boundaries of the Federal 10th Judicial District of New Mexico of the United States District Court.

10. This cause arises under Title 42 U.S.C. Section 1983, as well as New Mexico Torts violations, conspiracy, collusion, fraud, failure to train and supervise, wherein this Court has jurisdiction over the instant matter pursuant to 28 U.S.C. Sec.1343, 1332, and 1331, as well other United States Codes and New Mexico Torts and statute(s) violation(s) and MAP.

11. The acts described herein were initiated on or about May 8, 2018, yet to the best of plaintiff's knowledge due to plaintiff not being aware of the "Bench

Warrant", "Criminal Summons" or other proceedings sue to not being notified

plaintiff was not aware of being injured until July 26, 2019, when he was arrested

and imprisoned in the Chaves County Detention Center.

12. At all times during the action initiated by Defendant NMSP Officer Billingsley

against plaintiff, Defendants et al were acting in their personal capacity, official

capacity and under color of law and reside in the state of New Mexico and therefor

subject to this Court's jurisdiction.

13. This case involves a significant question of Rights and Privileges guaranteed

by the U.S. and New Mexico Constitution, New Mexico Statutes, and issues of

substantial public interest, false arrest and imprisonment, and MAP.

14. Defendants et al., acting in their personal capacity, under color of law by way

of a fraudulent "Criminal Complaint" used a Bench Warrant issued by Defendant

Lund prior to the date of appearance on the "Traffic Citation" without notice to

plaintiff, as well as Defendant Lund's personal investigation of plaintiff by and

through the DMV caused plaintiff to be arrested, imprisoned for three (3) days, and
made to post bail, which damaged plaintiff.

7

## FACTS

15. Plaintiff re alleges and restates above paragraphs 1-14. All facts can be proven by Magistrate Court Record, evidence in plaintiff's possession, and testimony.

16. On May 8, 2018, while plaintiff was traveling west bound on Highway 70 approximate mile post 297, plaintiff was stopped by Defendant NMSP Officer Billingsley who issued a "Traffic Citation". Plaintiff refused to sign the "Traffic Citation" and was not arrested or detained by the Defendant Officer Billingsley. This has also occurred in other counties of the state by NMSP Officers and appears to be a policy, custom or rule.

See: State of New Mexico v. David Warner, M-32-TR-2018-00394.

And See: NMSA 1978 § 66-8-122 (F). & NMSA 1978 § 66-8-123 (D)&(E)

17. During the traffic stop Defendant Billingsley did not detain or bring plaintiff immediately before a Magistrate nor obtain the signature of plaintiff on the "Traffic Citation" as required pursuant to and in violation of NMSA 1978 § 66-8-122. (F)., and of NMSA 1978 § 66-8-123. (D)&(E)..

18. The Traffic Citation issued to plaintiff stated that plaintiff was to appear before the Magistrate Judge in Ruidoso on or by June 5, 2018, at 2:00 p.m., yet on May

8

11, 2018 prior to that date a "Criminal Summons" with the "Traffic Citation" (copy issued to plaintiff at traffic stop) attached which was filed with the Magistrate Court by Defendant Billingsley. To the best of plaintiff's knowledge "Arraignment" was held on May 29, 2018, plaintiff was not aware of this and did not appear and subsequentially a Bench Warrant was issued. It is plaintiff's understanding that a criminal complaint/summons is required to be done pursuant to NMRA 1978 § 6-201; This was not done, and only the unsigned "Traffic Citation" was attached to the "Criminal Summons/ Complaint". A Traffic Citation is a charging document used to secure appearance.

See: NMRA 1978§ 6-201. (A). (1)

See: NMRA 1978 6-201 ***"**the magistrate court shall not accept for filing any unsigned complaint or citation. In the event that an unsigned complaint or citation commences an action, the case shall be dismissed without prejudice.**"***.

And see; NMSA 1978, 31-1-6. Citation in lieu of arrest without a warrant.

19. On May 11, 2018, a "Criminal Summons" with the "Traffic Citation" attached was filed ordering plaintiff to appear in Magistrate Court on Tuesday May 29, 2018, at 2:00 p.m., plaintiff only became aware of the "Criminal Summons" after Being arrested and obtaining a copy of the Bench Warrant arraignment. It is

9

plaintiff's understanding that statutes are to be strictly construed so not to be

erroneous, and when a judge knows that she lacks jurisdiction, or acts in the face of

clearly valid statutes expressly depriving her of jurisdiction, judicial immunity is

lost, and when the Court has no jurisdiction of the cause, the whole proceeding is

before a person who is not a judge, and actions will lie against them without any

regard of the precept or process and judicial capacity. Furthermore, Defendant

Lund personally investigated plaintiff's driving record at the DMV having ex parte

communication with potential witness(es) at the DMV, this is a fact Defendant

Lund stated to plaintiff.

See: NMRA 1978 §1-011. (B), (2), (3).

And see: Rankin v. Howard, (1980) 633 F.2d 844, cert den. Zeller v. Rankin, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326.

And see: Gibson v. Goldston No. 5:21-cv-00181.

21. On May 30, 2018, a "Bench Warrant" for plaintiff's arrest was issued, plaintiff

only became aware of the "Bench Warrant" after being arrested and obtaining a

copy of the Court Record" on August 13, 2019, and had no information as to any

"Criminal Summons". Subsequentially two (2) additional "Bench Warrants" were

issued for plaintiff's arrest, one on August 16, 2018, and one on March 11, 2019.

Up to this date plaintiff was only aware, pursuant to the unsigned traffic citation,

that he was to appear in the Magistrate Court on or before June 5, 2018, at 2:00

p.m., but never gave his promise to appear as indicated by the unsigned "Traffic

Citation".

22. Plaintiff did not receive any "Notices" or other documents from the Court prior

to plaintiff's arrest.

23. On July 26, 2019, plaintiff was arrested pursuant to a "Bench Warrant" issued

by Defendant Lund and appealed the Bench Warrant fee ruled in plaintiff's favor.

24. Plaintiff remained incarcerated for three days until he was able to acquire the

money to "Post Bail" on July 29, 2019.

25. On July 30, 2019, plaintiff made a "Special Appearance Objecting to Court's

Jurisdiction" in Lincoln County Magistrate Court, Ruidoso for "Hearing on "Bench

Warrant Arraignment".

26. On August 12, 2019, Defendant Billingsley filed  an ex parte  "Notice of

Dismissal" Dismissing Case No. M-32-TR-2018-00394, and only has his signature

as "Complainant", and the "Certificate of Service" only has plaintiff's name and address and "Affidavit of Service" has no date and is not signed. Plaintiff only received these documents after obtaining another copy of the "Record Proper".

27. On August 13, 2019, after "Bench Warrant Arraignment" Hearing in Magistrate Court Defendant Lund filed "Order for Payment of Bench Warrant Fee" (herein fee) with a "Payment Plan Summary" attached, stating that payment of $50.00 a month for two (2) months. Plaintiff never agreed to any form of payment as to the fee and the "Payment Plan Summary" is clearly unsigned by plaintiff.

28. On September 17, 2019, "Failure to Pay" Hearing was to be held but Defendant Lund was not present.

29. On October 2, 2019, plaintiff timely filed his "Appeal" of Magistrate Court's Final Order in the Twelfth Judicial District Court as to Magistrate Judge Katie G. Lund's "Final Order", this is in regard to the Order for payment of "Bench Warrant Fee" and was ruled in plaintiff's favor.

30. On December 3, 2019, State filed "State's Motion to Dismiss", the motion was denied by District Judge Reynolds.

31. On April 30. 2020, "Final Order" in plaintiff's  favor was filed by District

Judge Reynolds setting aside the "Bench Warrant Fee" and remanded back to
Lincoln County Magistrate Court in Ruidoso. Non-payment of a "Bench Warrant
Fee" indicates plaintiff's innocence.

32. On May 5, 2020, the action against plaintiff was "Dismissed", yet plaintiff was
not given "Notice" of this nor if the last "Bench Warrant" that was issued by
Defendant Lund was ever dismissed.

33. As a result of Defendants et al's unfair process and actions plaintiff has
been damaged.

## FIRST CAUSE OF ACTION
### (MAP?)

34. Plaintiff re alleges and restates above paragraphs 1-33.

35. Defendant NMSP Officer Andre Billingsley (herein Defendant Billingsley)
did use an unsigned "Traffic Citation" to a Criminal Summons/Complaint by
attaching a traffic citation not signed by plaintiff in leu of a sworn affidavit. Facts
material to that determination were misrepresented or omitted, and these
misrepresentations or omissions were intentional or displayed a reckless disregard

13

for the truth.

36. Defendant Billingsley's primary motive was to facilitate the appearance and prosecution of plaintiff before a magistrate or the arrest of plaintiff and payments of fines and fees.

37. As a result of Defendant Billingsley's actions plaintiff was damaged by denying plaintiff Due Process, right to be free from searches and seizures, access to the court, excessive bail, excessive fines and cruel and unusual punishments, reservation of Rights, Fourteenth Amendment of the U.S. Constitution, including being free from arrest and imprisonment in the Chaves County Detention Center for three (3) days, and having to post bail in order to be released, and revocation of plaintiff's Driver's License, by way of fraudulent documents and emotional distress, MAP causing plaintiff to be damaged.

## SECOND CAUSE OF ACTION
## (DUE PROCESS VIOLATION?)

38. Plaintiff re alleges and restates above paragraphs 1-37.

39. Defendant Lund's use of an unsigned (by plaintiff) "Traffic Citation", falsified "Criminal Summons" and evidence obtained by Defendant Lund in her personal

14

capacity from the DMV was without authority and jurisdiction.

40. Defendant Lund then filed a "Bench Warrant" in order to facilitate plaintiff's presence before the Court by way of arrest and imprisonment.

41. The arrest and imprisonment of plaintiff by way of a "Bench Warrant" prior to plaintiff being notified was improper, allowing Defendant Lund to pursue the illegitimate means for obtaining a "Bench Warrant Fee".

42. Actions taken by Defendant Lund were not a judicial function, and should not have been considered due to the traffic citation not being signed by plaintiff and obtaining evidence from the Department of Motor Vehicles in Defendant Lund's personal capacity outside of Defendants jurisdiction and not a judicial act.

43. As a result of Defendant Lund's actions, plaintiff has been damaged by denying plaintiff notice and opportunity, arrest, and imprisonment, posting bail and having to "Appeal" the "Final Order" to pay "Bench Warrant Fee", Due Process, Procedural Due Process, .

## THIRD CAUSE OF ACTION

15

44. Plaintiff re alleges and restates above paragraphs 1-43.

45. Plaintiff was never given any "Notice" by the Court in regard to any "Criminal Summons/Complaint" for arraignment or any Hearing denying plaintiff's right to be heard and access to the court.

46. Defendants Lund and Abeyta, did fail to provide plaintiff with "Notice and Opportunity" in order for plaintiff to properly defend himself.

47. The unsigned Traffic Citation issued to plaintiff had no legal efficacy and Is only a charging document and cannot be used in conjunction with a Criminal Summons in leu of an affidavit, a fatal flaw in a judicial process as well as denying the court jurisdiction.

48. The actions taken by Defendants Lund and Abeyta caused plaintiff to be damaged.

## FOURTH CAUSE OF ACTION

49. Plaintiff re alleges and restates above paragraphs 1-48.

50. Due to the Traffic Citation being unsigned, Defendant Billingsley had no authority to bring an action against plaintiff.

16

51. Plaintiff never given "Notice" of any "Criminal Summons", any decision by

Defendants leading to plaintiff's arrest and imprisonment was unconstitutional, in
violation of the U.S. constitution Amendments I,IV,VII,IX,X, and XIV, New

Mexico Constitution Sec. 1,4,10,13,17,18,and 23 as well as MAP, and New

Mexico Rules of Procedure and Statutes.

52. Defendant's et al's actions, denied plaintiff's right to confront witnesses,

right to be heard, right to counsel, and opportunity to "Appeal" any written

decisions of the Court with the exception of the "Order for Payment of Bench

Warrant Fee".

53. As a direct result of Defendant's et al's actions, plaintiff was damaged.


## FIFTH CAUSE OF ACTION
## (CONSPIRACY)

54. Plaintiff re alleges and restates above paragraphs 1-53.

55. Defendants Lund,  Abeyta, and Billingsley while in their personal capacity and

acting under color of law acted in concert in order to facilitate a criminal action

against plaintiff to effect a legal purpose with a corrupt intent and improper means.

17

56. Defendants Lund, Abeyta, and Billingsley's concerted actions although from a layman's view may be innocent did become unlawful by the use of an unsigned "Traffic Citation attached to a "Criminal Summons" which states that a "Complaint" was attached hereto, and evidence obtained by Defendant Lund in her personal capacity from DMV to charge plaintiff with a traffic offense and to bring plaintiff before Defendant Lund, then filing a "Bench Warrant, to facilitate plaintiff's arrest and imprisonment prior to any "Notice" to plaintiff which was accomplished.

57. Defendants Lund, Abeyta, and Billingsley's actions caused plaintiff to be arrested and incarcerated for three (3) days until plaintiff was able to obtain bail causing plaintiff to be damaged.

## SIXTH CAUSE OF ACTION
( )

58. Plaintiff re alleges and restates above paragraphs 1-57

59. Although the arrest and imprisonment of plaintiff by the Chaves County Sheriff's Deputies may have been lawful, it was done by unlawful means, that being a "Bench Warrant" for failure to appear when plaintiff was not given any

18

"Notice" nor was plaintiff obligated to appear having never signed the traffic citation giving his promise to appear.

60. The arrest of plaintiff was made pursuant to fraudulent documents making the arrest of plaintiff under false pretense due to the fraudulent documents being used by Defendant's Lund and Billingsley.

61. The actions by Defendant's et al caused plaintiff to be arrested and imprisoned on July 26, 2019 causing plaintiff to be damaged.

## SEVENTH CAUSE OF ACTION
## (FRAUD)

62. Plaintiff re alleges and restates above paragraphs 1-62.

63. Defendant's et al did agree to defraud plaintiff of his " Rights and Privileges" In order to obtain plaintiff's unwilling presence in Court.

64. The Deception by Defendant's et al was used for the unlawful jurisdiction over plaintiff by way of an unsigned traffic citation attached to a "Criminal Summons" and issuance of a "Bench Warrant".

65. The use of a fraudulent Criminal Summons with an unsigned traffic citation, and evidence obtained by Defendant Lund from the DMV and failing to provide

19

plaintiff with "Notice" allowed Defendant Lund to file a "Bench Warrant" facilitating plaintiff's arrest and imprisonment.

66. As a result of Defendant's et al's actions plaintiff has been damaged.

## EIGHTH CAUSE OF ACTION

67. Plaintiff re alleges and restates above paragraphs 1-66.

68. Defendant Billingsley a New Mexico State Police Officer did, pursuant to policy or custom violate plaintiff's Rights by failing to follow New Mexico Statutes, specifically NMSA 1978 § 66-8-122 F., and 66-8-123., directly initiating a criminal action in Magistrate Court to facilitate the arrest and imprisonment of plaintiff by the use of an unsigned traffic citation.

69. The policy, or custom of filing a Criminal summons or Complaint in leu of a signature on a traffic citation as enforced by Defendant Billingsley has occurred in other counties of New Mexico by other NMSP Officers with other individuals.

70. Filing a "Criminal Summons" in leu of producing a signed traffic citation or detention of plaintiff in order to effectuate plaintiff's appearance in a court was a

policy or custom enforced by Defendant Billingsley, caused plaintiff to be arrested,

imprisoned and made to pay a bond for release from the Chaves County Detention

Center as well as the action in Magistrate Court caused plaintiff to be damaged,

and these actions have been duplicated by other NMSP Officers which clearly

shows a policy or custom.

71. Defendant Billingsley actions and NMSP Department of Taxation and Revenue

have caused plaintiff to be damaged.

## NINTH CAUSE OF ACTION

72. Plaintiff re alleges and restates above paragraphs 1-71.

73. In the action against plaintiff, Defendants Billingsley and Lund misused the

legal process.

74. Defendant Billingsley et al's primary motive was to obtain authority over
plaintiff and commence a criminal action against plaintiff.

75. Defendants et al actively participated by issuing a "Criminal Summons" and a

"Bench Warrant" using and "Traffic Citation" unsigned by plaintiff which if

signed would be plaintiff's promise to appear. This facilitated plaintiff's arrest and

imprisonment which

21

76. Defendants et al's conduct caused plaintiff to be damaged by his arrest, imprisonment, posting of bail, revocation of "Drivers License", Due Process violation(s), Procedural Due Process violation(s), Right to confront accuser(s), Right to Free Speech, access to the court, notice and opportunity, right to be free from searches and seizures under the IV Amendment of the U.S. constitution and

WHEREFORE, based on the foregoing, Plaintiff Prays this Court finds that plaintiff was denied Rights and Privileges to fairness in a criminal process, Procedural Due Process, Due Process, and policy or customs of NMSP Officer Billingsley, request trial by jury on all issues triable by jury; request compensation in the amount of One million five hundred thousand dollars ($1,500,000) to fully compensate Plaintiff for his damages including but not limited to damages of rights guaranteed by the United States Constitution Amendments I,IV,V,VIII,IX,X and XIV, and New Mexico constitution Sec. 1,4,10,13,17,18,and 23, as well as New Mexico Torts, MAP; request an order/ruling from this Honorable Court for injunction from payment of Bench Warrant fees which if paid is an admission of guilt and declaratory relief against Defendant Magistrate Judge Katie G. Lung and

22

the Lincoln County Magistrate Court in regard to Bench Warrant Fee Plea of

Guilty and that NMSP Officers are professionally trained and supervised, request

cost and fees, and punitive damages, and should this Court determine that this

Amended Complaint is inadequate that plaintiff reserves the right to "Amend

Complaint" as provided by the rules and authority and any other or further relief

deemed necessary and just.

Respectfully Submitted by;

David Warner-plaintiff
4703 West Deming St.
Roswell, N.M 88203
Message Ph# (575) 914-0147
Email formyjitos@gmail.com

23