IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID WARNER,

      Plaintiff,

v.                                                                                 No. 2:22-cv-00544-WJ-DLM

KATIE G. LUND,
LISA ABEYTA,
ANDRE BILLINGSLEY,
NEW MEXICO STATE POLICE, and
NEW MEXICO TAXATION AND REVENUE DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter arises out of a traffic citation, subsequent bench warrants and Plaintiff's arrest. Defendants include: (i) New Mexico State Police Officer Billingsley, who issued the traffic citation; (ii) Magistrate Judge Lund, who issued the bench warrants; and (iii) Magistrate Court Clerk Abeyta. *See* Amended Complaint for United States Constitutional Violations, New Mexico Constitutional Violations, Tortious Acts, Malicious Abuse of Process, Declaratory and Injunctive Relief, Failure to Train and Supervise, Fraud, Conspiracy, and Damages, Doc. 10, filed February 28, 2023 ("Amended Complaint").

**Procedural Background**

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff that the original Complaint failed to state claims for deprivations of rights secured by the United States Constitution because:

(i)      "The Complaint does not clearly describe which rights each Defendant allegedly violated and the basis for each alleged violation;"

  (ii)  "Defendants Lund and Abeyta, as judge and court clerk, are immune from monetary damages" and while "Plaintiff makes conclusory allegations that the 'Court had no jurisdiction,'" Plaintiff did "not provide any factual allegations supporting the alleged lack of jurisdiction;" and

  (iii)  Regarding Plaintiff's due process claim, "[t]he allegations in the Complaint indicate Plaintiff had an opportunity to be heard in magistrate court and again later on appeal to the state district court" and "[t]here are no allegations indicating the process Plaintiff was due and that he was not afforded that process."

Order for Amended Complaint at 5-7, Doc. 6, filed January 6, 2023.  Judge Sweazea ordered Plaintiff to file an amended Complaint.  *See* Order for Amended Complaint at 9.  This case was reassigned to United States Magistrate Judge Damian L. Martinez as the pretrial judge on March 21, 2023.

  Plaintiff's Amended Complaint, which in large part is identical to the original Complaint, adds the New Mexico State Police and the New Mexico Taxation and Revenue Department as Defendants.  *See* Amended Complaint at 1.  Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 "to redress violations . . . [of] the Constitution of the United States Amendments I, IV, V, VIII, IX, X, and XIV."  Amended Complaint at 6, ¶ 8.  Plaintiff also asserts claims pursuant to the New Mexico Constitution, New Mexico statutes and for New Mexico "torts violation" including malicious abuse of process, conspiracy, and fraud.  Amended Complaint at 6, ¶ 8.

**Factual Allegations**

  The Amended Complaint alleges the following facts:

On May 8, 2018, while plaintiff was traveling west bound on Highway 70 . . . . plaintiff was stopped by Defendant NMSP Officer Billingsley who issued a "Traffic Citation."  Plaintiff refused to sign the "Traffic Citation" and was not arrested or detained by the Defendant Officer Billingsley.

> . . . .
> During the traffic stop Defendant Billingsley did not detain or bring plaintiff immediately before a Magistrate nor obtain the signature of plaintiff on the "Traffic Citation" as required pursuant to and in violation of NMSA 1978 § 66-8-122. (F)., and of NMSA 1978 § 66-8-123. (F)&(E).  The Traffic Citation issued to plaintiff stated that plaintiff was to appear before the Magistrate Judge in Ruidoso on or by June 5, 2018 . . . yet on May 11, 2018, . . . a "Criminal Summons" with the "traffic Citation" . . . attached . . . was filed with the Magistrate Court by Defendant Billingsley . . . "Arraignment" was held on May 29, 2018, plaintiff was not aware of this and did not appear and subsequent[ly] a Bench Warrant was issued.
> . . . .
> On May 30, 2018, a "Bench Warrant" for plaintiff's arrest was issued . . . . Subsequent[ly] two (2) additional "Bench Warrants" were issued for plaintiff's arrest, one on August 16, 2018, and one on March 11, 2019.
> . . . .
> Plaintiff did not receive any "Notices" or other documents from the Court prior to plaintiff's arrest.  On July 26, 2019, Plaintiff was arrested pursuant to a "Bench Warrant" issued by Defendant Lund . . . Plaintiff remained incarcerated for three days until he was able to acquire the money to "Post Bail" on July 29, 2019."
> . . . .
> On August 13, 2019, after "Bench Warrant Arraignment" Hearing in Magistrate Court Defendant Lund filed "Order for Payment of Bench Warrant Fee."
> . . . .
> On October 2, 2019, plaintiff timely filed his "Appeal" of Magistrate Court's Final Order . . . On April 30, 2020, "Final Order" in plaintiff's favor was filed by District Judge Reynolds setting aside the "Bench Warrant Fee" and remanded back to Lincoln County Magistrate Court . . . . On May 5, 2020, the action against plaintiff was "Dismissed."

Amended Complaint at 8- 13 (paragraph numbers omitted).

**Defendant Billingsley**

Plaintiff asserts claims against Defendant Bilingsley pursuant to the First, Fourth, Fifth, Eighth, Ninth, Tenth and Fourteenth Amendments of the United States Constitution and pursuant to New Mexico law.  *See* Amended Complaint at 6.

The Amended Complaint fails to state a claim against Defendant Billingsley pursuant to

(i) The First Amendment which states:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or

3

>   of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.
>
>   U.S. CONST. amend. I.

(ii)   The Ninth Amendment which states: "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. CONST. amend. IX.

(iii)   The Tenth Amendment which states: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. CONST. amend. X.

There are no factual allegations explaining what Defendant Billingsley did to deprive Plaintiff of rights secured by the First, Ninth and Tenth Amendments.  *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The Complaint fails to state a due process claim against Defendant Billingsley pursuant to the Fifth Amendment which provides that no person shall be deprived of liberty without due process.  *See* U.S. CONST. amend. V.

>   There are two constitutional sources of due process rights, the Fifth Amendment and the Fourteenth Amendment. Plaintiffs pursuing procedural due process claims based on actions by the federal government must proceed under the Fifth Amendment, while plaintiffs bringing such claims based on actions by state governments must proceed under the Fourteenth Amendment.

*Doe v. University of Denver*, 952 F.3d 1182, 1187 (10th Cir. 2020).  Defendant Billingsley, a New Mexico State Police officer, is not a federal actor.

The Amended Complaint fails to state a claim against Defendant Billingsley pursuant to

(i) Fourth Amendment which states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

(ii) The Eighth Amendment which states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

(iii) The Fourteenth Amendment which provides, among other things, that:

No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV.

The United States Court of Appeals for the Tenth Circuit "ha[s] repeatedly emphasized the importance of connecting defendants to misconduct in pleadings: To recover damages from each of [multiple] Defendants under § 1983, [Plaintiff] had to show that such Defendant personally participated in the alleged constitutional violation." *Shrum v. Cooke*, 60 F.4th 1304, 1312 (10th Cir. 2023). Plaintiff alleges that Defendant Billingsley's actions in attaching an unsigned traffic citation to a criminal summons/complaint resulted in Plaintiff's arrest and imprisonment and in Plaintiff having to post bail to be released. *See* Amended Complaint at 14. Plaintiff has not alleged facts showing that Defendant Billingsley personally participated in Plaintiff's arrest and imprisonment or the imposition of the bail requirement.

The Complaint fails to state a conspiracy claim against Defendant Billingsley. "To state a § 1983 conspiracy claim, [a plaintiff has] to allege 'specific facts showing an agreement and

5

concerted action among defendants,'—an 'agreement upon a common, unconstitutional goal,' and 'concerted action' taken 'to advance that goal.'"  *Bledsoe v. Carreno*, 53 F.4th 589, 609 (10th Cir. 2022) ("Conclusory allegations of conspiracy, however, are insufficient to state a valid § 1983 claim") (citations omitted).  Plaintiff makes the conclusory allegations that Defendants Billingsley, Lund and Abyeta "act[ed] in concert," "did have a meeting of the minds," "conspired," and "acted in concert in order to facilitate a criminal action against plaintiff to effect a legal purpose with a corrupt intent and improper means."  Amended Complaint at 2, 4, 17.  The Amended Complaint does not contain specific facts from which it may be inferred that Defendants Billingsley, Lund and Abeyta agreed to deprive Plaintiff of his constitutional rights.

**Defendants Lund and Abeyta**

Plaintiff seeks: (i) monetary damages in the amount of $1,500,000.00; (ii) injunctive relief regarding payment of bench warrant fees; and (iii) declaratory relief against Defendant Lund "in regard to Bench Warrant Fee Plea of Guilty."  *See* Amended Complaint at 22.

Defendants Lund and Abeyta, as judge and court clerk, are immune from monetary damages.  *See Sawyer v. Gorman*, 317 Fed.Appx. 725, 727, 728 (10th Cir. 2008) ("[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction.") (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)) ("Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process.").

Plaintiff has not alleged facts showing that Defendant Lund's actions were taken in the complete absence of all jurisdiction.

> The Supreme Court of the United States has long held that judges are generally immune from suits for money damages. *Mireles v. Waco,* 502 U.S. 9, 9–10, 112

6

S.Ct. 286, 116 L.Ed.2d 9 (1991). There are only two exceptions to this rule: (1) when the act is "not taken in [the judge's] judicial capacity," and (2) when the act, "though judicial in nature, [is] taken in the complete absence of all jurisdiction." *Id.* at 12. Regarding the second exception, an act taken in excess of a court's jurisdiction is not to be confused with an act taken in the "complete absence of all jurisdiction." As *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 351–52, 20 L.Ed. 646 (1871), explained,

> Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

To illustrate this distinction, the Supreme Court has stated:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stein v. Disciplinary Bd. Of Supreme Court of New Mexico*, 520 F.3d 1183, 1195 (10th Cir. 2008) (quoting *Stump v. Sparkman,* 435 U.S. 349, 357 n. 7 (1978)). Plaintiff alleges Defendant Lund "was in clear absence of jurisdiction" when she "le[ft] the Court House, [went] to the New Mexico Department of Motor Vehicle[s] (herein DMV) next door and personally search[ed] plaintiff's records(s) at the DMV." Amended Complaint at 2, ¶ 1. Plaintiff also alleges: "Actions taken by Defendant Lund were not a judicial function and should not have been considered due to the traffic citation not being signed by plaintiff and obtaining evidence from the Department of Motor Vehicles in Defendant Lund's personal capacity outside of Defendant['s] jurisdiction and not a judicial act." Amended Complaint at 15, ¶ 42. At most, those allegations suggest Defendant Lund

7

was acting *in excess of* her jurisdiction.  Those allegations do not show that Defendant Lund was acting *in complete absence of* all jurisdiction because Plaintiff has not alleged facts showing that Defendant Lund did not have jurisdiction to preside over Plaintiff's criminal case.

Plaintiff seeks an order "for injunction from payment of Bench Warrant fees."  Amended Complaint at 22.  Section 1983 states that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.  The Amended Complaint does not allege facts showing that a declaratory decree was violated or declaratory relief was unavailable.  *See Catanach v. Thomson*, 718 Fed.Appx. 595, 599 (10th Cir. 2017) ("Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'") (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)).

Plaintiff also seeks declaratory relief against Defendant Lund "in regard to Bench Warrant Fee Plea of Guilty."  Amended Complaint at 23.  The Court declines to grant declaratory relief against Defendant Lund.  The Court has discretion whether to grant declaratory relief.  *See* 28 U.S.C. § 2201(a) (Declaratory Judgment Act states district courts "*may* declare the rights and other legal relations of any interested party seeking such declaration") (emphasis added).  Plaintiff has not specified the declaratory relief he seeks and has not shown that the Court should exercise its discretion and entertain Plaintiff's request for declaratory relief.  *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994) (listing factors courts should consider in determining whether to accept jurisdiction in a declaratory judgment action).

**Defendants New Mexico State Police and New Mexico Taxation and Revenue Department**

Plaintiff asserts claims against the New Mexico State Police and the New Mexico Taxation and Revenue Department. *See* Amended Complaint at 1; at 4, ¶ 4; at 21, ¶ 71.

> Under the Eleventh Amendment, private parties cannot sue a state in federal court without the state's consent. *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). This protection extends to entities that are arms of the state. *See Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000). When the defendant is a state or an arm of the state, "Eleventh Amendment immunity applies regardless of whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Steadfast Ins. Co.*, 507 F.3d at 1252; *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) ("This jurisdictional bar applies regardless of the nature of the relief sought.").

*Anderson v. Herbert*, 745 Fed.Appx. 63, 69 (10th Cir. 2018). The Court dismisses Plaintiff's claims against the New Mexico State Police and the New Mexico Taxation and Revenue Department for lack of jurisdiction because the New Mexico State Police and the New Mexico Taxation and Revenue Department, as arms of the State of New Mexico, are immune from suit.

**Conclusion**

The Court dismisses Plaintiff's federal law claims for the reasons stated above. Having dismissed all of Plaintiff's federal law claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE